## IN THE COURT OF APPEALS OF IOWA

No. 15-2155
Filed August 31, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDDIE CHEST,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Joel A. Dalrymple, Judge.


        Eddie Chest appeals the sentence imposed following his guilty plea.
**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

In December 2009, Eddie Chest, then age seventy, robbed a restaurant and bar during the middle of the day and shot a police officer while attempting to escape. Chest pleaded guilty to attempted murder and first-degree robbery. In exchange for Chest's guilty pleas, the prosecutor agreed to recommend concurrent sentences at the time of sentencing. The district court ordered Chest to serve an indeterminate term of incarceration not to exceed twenty-five years for each offense, said sentences to be served consecutively. The defendant is required to serve seventy percent of his sentences prior to becoming eligible for parole. At issue in this appeal is whether the prosecutor complied with the plea agreement.

We do not paint on a blank canvas; this case has been before the court on multiple occasions. In the first appeal, this court rejected Chest's claim the district court considered an impermissible sentencing factor when imposing sentence. *See State v. Chest*, No. 11-0262, 2011 WL 4952951, at *1 (Iowa Ct. App. Oct. 19, 2011). In the second appeal, arising from postconviction-relief proceedings, Chest contended the State breached its agreement to recommend concurrent sentences. *See Chest v. State*, No. 13-0069, 2014 WL 1494900, at *8 (Iowa Ct. App. Apr. 16, 2014). We agreed, vacated the sentences, and remanded the matter for resentencing before a new judge. Following remand, the district court again imposed consecutive sentences. *See State v. Chest*, No. 14-1937, 2015 WL 5970339, at *1 (Iowa Ct. App. Oct. 14, 2015). Chest appealed again, contending the same prosecutor painted with the same brush and again failed to truly recommend concurrent sentences. *See id.* We agreed,

vacated the sentences, and remanded for resentencing before a new judge. *See id. at \*2.* For the second time, we "direct[ed] the State to make a meaningful recommendation consistent with both the terms of the plea agreement and the established standard of a recommendation." *Id.*

Following the most recent remand, the matter came on for another sentencing hearing. At the beginning of the hearing, the prosecutor explicitly recommended concurrent sentences:

> Q. All right. What's the state's recommendation at this time? A. Your Honor, the state's recommendation is that the defendant, after having pled guilty to the offense of attempted murder in violation of 707.11; and robbery in the first degree, 711.1, 711.2, be sentenced to serve 25 years on each. We are recommending that the sentence be served concurrently.

The prosecutor then asked the court whether it wished to hear the history of the parties' plea negotiations. After making that inquiry, the prosecutor explained the plea negotiations as follows:

> Your Honor, the State entered into this negotiation, as the Court is aware, several years ago. The State entered into this negotiation for a very specific reason. The State wanted to make sure that the defendant was convicted of the offenses of attempted murder and robbery in the first degree. That was our primary goal because it was the State's position that that was, in fact, what the defendant was guilty of.
> The State entered into the negotiation for the concurrent recommendation for the sentences for a very simple reason. We were willing to sacrifice the opportunity to ask for consecutive or asking the defendant to be agreeable to a consecutive because we did not want to risk these two convictions to the vagaries of a jury trial. It was simply—it was as simple as that.
> Our primary goal was that we get the convictions and therefore we were willing to make this negotiation. We made this negotiation in good faith when we made it. We are making this recommendation to the Court today in good faith. The State understands that when we make a negotiation with the defense it is not with the Court, but it is an agreement and a promise that that

will be our recommendation at the time of sentence—at sentencing to the Court. At the time of sentencing to the Court.

We believe that this is an appropriate negotiation. We recommend that the Court accept this negotiation. We are affirmatively asserting that this negotiation is the one that we believe is the most appropriate under the circumstances. The State does not have to like its negotiations, but it does have to honor them. And that is what we are doing today.

We believe that the Court should accept this with our approval. We are recommending and commending the sentence to the Court, and we are stating to the Court that we believe it is worthy of the Court's acceptance based on the State's negotiation.

Chest's counsel objected to the prosecutor's statements as a breach of the plea agreement. The prosecutor's statements were not a true recommendation for concurrent sentences, counsel argued. Chest's counsel also argued for specific performance of the parties' plea agreement, contending the prosecutor's breach of the plea agreement on two prior occasions irreparably tainted the proceedings—a legal pentimento revealing itself despite overpainting. The seventy-seven-year-old defendant did not present much of an argument for himself at the sentencing hearing; even if the district court had imposed concurrent sentences, the defendant would not be eligible for parole until he is more than ninety years old.

The question presented is a narrow one: whether the prosecutor's remarks breached the plea agreement. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). "Where the State technically complied with the agreement by

explicitly recommending the agreed-upon sentence but expressed material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *Id.*

Taken as a whole, when viewed in procedural context, we do not interpret the prosecutor's remarks to express a material reservation regarding the plea agreement. The prosecutor explicitly recommended concurrent sentences at the outset of the hearing, repeatedly commended the sentences, and stated the sentences were worthy of the court's acceptance. More important, the prosecutor did not engage in the kind of conduct our cases have held to be a breach of a plea agreement: the prosecutor did not propose alternative sentences, request "an appropriate sentence" rather than the agreed-upon sentence, make a recommendation and then remind the court it is not bound by the plea agreement, or emphasize the presentence investigation author's recommendation. *See id.* at 285. The prosecutor did not suggest the sentencing court impose a sentence harsher than the sentence recommended. *See State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015) (summarizing prior case law and concluding "the prosecutor in each case had undercut the plea agreement by suggesting harsher sentences"). While the prosecutor did engage in an extended discussion regarding her motivation to enter into the plea agreement, we do not interpret her remarks as a whole to express material reservation regarding this agreement. Instead, the undertones of three prior sentencing hearings tinted the resentencing hearing. The undertones needed to be

acknowledged and explained—as both the prosecutor and defense counsel did—given the unique procedural posture of the case.

Where the State has promised to recommend a sentence, we have required "the prosecutor to present the recommended sentence[] with his or her approval, to commend the sentence[] to the court, and to otherwise indicate to the court that the recommended sentence[] [is] supported by the State and worthy of the court's acceptance." *State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008) (quoting *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999)) (alterations in original). Within the context of the rather extraordinary procedural hue of this case, we conclude the prosecutor complied with the spirit of the parties' agreement. We affirm the defendant's sentences.

**AFFIRMED.**

Vogel, P.J., concurs; Vaitheswaran, J., dissents.

**VAITHESWARAN, Judge (dissenting).**

I respectfully dissent. The prosecutor said the following: "The State does not have to like its negotiations, but it does have to honor them." In my view, the prosecutor's statement violated the spirit of the plea agreement. *See State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015) (reiterating "the prosecutor's obligation to scrupulously comply with the letter and spirit of plea agreements" and stating "when a prosecutor fails to commend or otherwise indicate to the court that the recommended sentence is supported by the state, let alone signals that the court should impose a harsher sentence, the plea agreement is breached"); *State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011) (holding the prosecutor failed to strictly comply with the plea agreement and his conduct—"whether intentional or inadvertent" and whether followed by an attempt to "start again"—"fell below the most meticulous standards of both promise and performance").

I recognize the prosecutor here, like the prosecutor in *Lopez*, "never overtly advocated for a tougher sentence." *Lopez*, 872 N.W.2d at 173. And, the prosecutor here, like the prosecutor in *Fannon*, did not make reference to a harsher recommendation in a PSI report. *Id.* at 172 (citing *Fannon*, 799 N.W.2d at 522). But, in my view, the prosecutor unambiguously voiced her disagreement with the sentencing deal she struck, while simultaneously noting her obligation to honor it. *See State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015) (stating "[w]here the State technically complie[s] with the agreement by explicitly recommending the agreed-upon sentence but expresse[s] material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprive[s] the defendant of the benefit of the bargain and breache[s]

the plea agreement."). Accordingly, I would vacate the sentence and remand for resentencing before a different judge. *See Lopez*, 872 N.W.2d at 181; *Fannon*, 799 N.W.2d at 524.