# IN THE COURT OF APPEALS OF IOWA

No. 19-1087
Filed April 29, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**COREY LAMAR MORGAN SR.,**
　　　　Defendant-Appellant.

_____

　　　　Appeal from the Iowa District Court for Scott County, Mary E. Howes (guilty plea) and Thomas Reidel (sentencing), Judges.

　　　　A defendant appeals his conviction for domestic abuse assault by impeding air flow causing bodily injury. **AFFIRMED.**

　　　　Nate Nieman, Rock Island, Illinois, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

　　　　Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Corey Morgan Sr. appeals his conviction for domestic abuse assault by impeding air flow causing bodily injury. Morgan claims he received ineffective assistance because defense counsel did not object to the State's breach of the plea agreement. We find the State did not breach the plea agreement and, therefore, defense counsel had no obligation to object. We affirm Morgan's conviction.

## I.      Background Facts & Proceedings

According to the minutes of testimony, on September 23, 2018, Morgan's girlfriend, E.D., reported that Morgan assaulted her repeatedly and choked her. E.D. had difficulty breathing and redness around her neck. Morgan stated he was "a little too drunk" at the time of the offense. Morgan was charged with domestic abuse assault by impeding air flow causing bodily injury, in violation of Iowa Code section 708.2A(5) (2018).

Morgan entered into a plea agreement in which he agreed to plead guilty to the charge. The plea agreement provided, "The State is free to make any recommendation at sentencing, but they won't resist probation if the [presentence investigation] done by the Seventh Judicial District recommends probation, and it is in the plea agreement that you're required to take the Iowa Domestic Abuse Program." The court pointed out, "the State can recommend under this plea agreement five years' incarceration for you." Morgan pled guilty, and the court accepted his guilty plea.

The presentence investigation report (PSI) recommended Morgan be placed on supervised probation. At the sentencing hearing, the prosecutor stated:

> Pursuant to the plea agreement, the State has agreed to not resist supervised probation if deemed appropriate by the presentence investigation, which it was, so therefore the State's agreement would be for a five-year suspended sentence.
>
> The State would specifically recommend three years of supervised probation with a condition of that being the Iowa Domestic Abuse Program pursuant to the plea agreement, and the State would also include that another specific condition of probation be substance abuse treatment.
>
> The State's recommendation is based on the reasons as stated in the presentence investigation.

The defendant asked to be placed on supervised probation.

The district court stated:

> Based on your lengthy criminal history, history of failing to appear in court, the fact that you have had three prior domestic assault convictions, you've had a conviction for violating a no contact order, you've had other assaults, the fact that you haven't decided to undergo a substance abuse evaluation despite that being specifically linked to this crime, but you're willing to do so if the Court tells you to, I believe incarceration in prison is necessary.

The court noted, "You haven't addressed your substance abuse issues that led to this and here we are with a fourth domestic abuse assault within your lifetime." The court also stated, "[U]nder the circumstances of this case I believe that incarceration is absolutely warranted." The court sentenced Morgan to a term of imprisonment not to exceed five years. Morgan appeals.

## II.     Discussion

The PSI recommended supervised probation. Morgan asserts that under the plea agreement, the State was then required to not resist supervised probation. He claims the State went beyond this by requesting he be given a five-year suspended sentence. Morgan contends the State's promise not to resist probation if it was recommended in the PSI was rendered meaningless because the State also recommended a suspended sentence. Morgan claims he received ineffective

assistance because defense counsel did not object to the State's breach of the plea agreement.[1]

"To prevail on a claim of ineffective assistance of counsel, the defendant must prove that his counsel failed to perform an essential duty and that the defendant suffered prejudice as a result of this failure." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999). Morgan has the burden to show "a reasonably competent attorney would have objected to the prosecutor's statements as a breach of the negotiated plea agreement." *Id.* We review claims of ineffective assistance of counsel de novo. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

In plea agreements, prosecutors are held "to the most meticulous standards of both promise and performance." *Id.* at 215. A court considers whether there has been a violation "of either the terms or the spirit of the agreement." *Id.* If the State recommends a more severe punishment than it was required to recommend under the plea agreement, the State has breached the plea agreement. *Id.* at 216. Defense counsel has a duty to object to a breach of a plea agreement. *Id.* at 217. On the other hand, if the State has not breached the plea agreement, defense counsel has no obligation to object. *See State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011).

---

[1] Recent legislation, codified at Iowa Code section 814.7 (2020), provides that claims of ineffective assistance of counsel should be decided in postconviction relief proceedings rather than on direct appeal of the criminal proceedings. The Iowa Supreme Court has determined this provision is not retroactive and does not apply to proceedings prior to July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019). Morgan was sentenced on June 19, 2019, and filed his notice of appeal on June 28. We conclude the new legislation does not apply under the facts of this case.

In *Macke*, the parties entered into a plea agreement requiring a joint recommendation of a deferred judgment and probation. *Macke*, 933 N.W.2d at 228–29. During the sentencing hearing, the prosecutor recommended a suspended sentence and probation. *Id.* at 229. The Iowa Supreme Court determined the State breached the plea agreement by recommending a suspended sentence and defense counsel should have objected. *Id.* at 237.

The plea agreement in this case did not require a joint recommendation of a deferred judgment. The State was free to make any recommendation at sentencing, but if the PSI recommended supervised probation, the State would not resist supervised probation. A deferred judgment, deferred sentence, or a suspended sentence may be accompanied by probation. *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019); *State v. Wickes*, 910 N.W.2d 554, 571 (Iowa 2018) (citing Iowa Code § 907.3 (2018)). The State could recommend a suspended sentence without breaching the plea agreement.

We conclude the State did not breach the plea agreement by recommending a suspended sentence. Because the State did not breach the plea agreement, defense counsel did not have an obligation to object. *See Fannon*, 799 N.W.2d at 520. We conclude Morgan did not meet his burden to show "a reasonably competent attorney would have objected to the prosecutor's statements as a breach of the negotiated plea agreement." *See Horness*, 600 N.W.2d at 298. Because we find there was not a breach, Morgan's ineffective assistance claim fails and we need not address the prejudice prong. We conclude

Morgan has not established that he received ineffective assistance of counsel.  We affirm Morgan's conviction.

**AFFIRMED.**