# IN THE COURT OF APPEALS OF IOWA

No. 22-0956
Filed January 11, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ARLO BLU HARRIS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.

A defendant appeals following his pleas of guilty to willful injury causing bodily injury and false imprisonment. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

After striking his girlfriend in the head and face with a guitar and refusing to stop his car at her son's house on the way to a hospital, Arlo Blu Harris was charged with: count 1, willful injury causing serious injury; count 2, going armed with intent; and count 3, false imprisonment. In a plea agreement between Harris and the State, the parties agreed Harris would plead guilty to the lesser-included offense of willful injury causing bodily injury in count 1 and false imprisonment as charged in count 3, with dismissal of count 2. As for sentencing, the agreement provided that for the willful-injury charge, the State would recommend a suspended, indeterminate term of incarceration not to exceed five years with supervised probation for two years. On the false-imprisonment charge, the State would recommend a concurrent term of 365 days in jail with all but 161 days suspended—the time Harris had served in jail. For each count, the agreement specified that the defense was "free to request a deferred judgment."

At the sentencing hearing, the following occurred:

> THE COURT: So I've read the plea agreement. The State's recommendation was probation on Count 1 and 365 days with all but 161 suspended on Count 3. I think that's because Mr. Harris has already served 161 days. Is that correct, Mr. Barry?
> [PROSECUTOR]: It is, Your Honor.
> THE COURT: Okay. Is there anything that you want to add to that recommendation?
> [PROSECUTOR]: No, Your Honor.
> THE COURT: Okay. Mr. Johnston.
> [DEFENSE COUNSEL]: Your Honor, I would respectfully request that the court follow the recommendation of the plea agreement and the recommendation of the Presentence Investigation Report, and on behalf of my client, he would request that the court consider granting him a deferred judgment so that he would not be a convicted felon. It would help him with employment and other things of that nature, Your Honor.

THE COURT: Does the State have a position with respect to the deferred?  I think the plea agreement said that they could ask for it; is that correct?

[PROSECUTOR]: That's correct, Your Honor.  It's the State's recommendation that the sentence be imposed and suspended.  The defendant has a record that the court can see, and what's before the court today is actually two separate assaultive cases from 2020 and 2021.  Just it's the State's opinion that although the defendant may have some opportunity to improve himself in the future, his history just simply doesn't show that, and the benefit of a deferred judgment with that criminal history and the background of these cases just isn't—isn't appropriate in the State's eyes.

The district court accepted Harris's plea and imposed a suspended sentence with two years' probation on count 1 and 365 days with all but 161 days suspended on count 3.  Harris appeals,[1] contending the State breached the terms and spirit of the plea agreement by not standing silent when asked by the court what the State's position was on deferred judgment.

"A prosecutor's breach of the plea agreement at sentencing irreparably taints the sentencing proceeding and a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection."  *Boldon*, 954 N.W.2d at 70.  We review the claim that the State violated a plea agreement for errors at law.  *State v. King*, 576 N.W.2d 369, 370 (Iowa 1998).  Our inquiry is "whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain."  *Boldon,* 954 N.W.2d at 71.

A few cases provide the contours of our analysis.  In *State v. Fannon*, the State and the defendant entered a plea agreement where, in exchange for

---

[1] The parties agree that Harris has good cause to pursue this direct appeal under Iowa Code section 814.6(1)(a)(3) (2021).  *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

Fannon's guilty pleas, the State would reduce both counts to sexual abuse in the third degree and make no sentencing recommendation during the sentencing hearing. 799 N.W.2d 515, 518 (Iowa 2011). But, at sentencing, the State requested that consecutive terms of imprisonment be imposed. *Id.* Despite the prosecutor's prompt acknowledgment that the recommendation was a "misstatement" and a "mistake," *id.* at 519, the supreme court found the breach of the plea agreement required resentencing:

> [D]efense counsel's failure to object to the State's breach prevented [the defendant] from having an opportunity to either demand specific performance of the agreement before a new sentencing judge or withdraw the guilty pleas. We have no reason to doubt the ability of the sentencing court to disregard improper remarks made by prosecutors during sentencing. Nevertheless, "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by" ensuring defendants who plead guilty in reliance on promises made by the State receive the benefit of the bargain. Therefore, counsel's failure to object to the State's breach caused prejudice by depriving [the defendant] of the benefit of the bargain, namely, that the State would make no sentencing recommendation during the sentencing hearing.

*Id.* at 523 (internal citation omitted); *see also King*, 576 N.W.2d at 370–71 (holding that where State agreed to remain silent at sentencing, its request that the court follow the presentence-investigation recommendation of a prison term breached the agreement and resentencing was required).

In *State v. Patten*, the parties agreed upon suspended sentences:

> The context of the prosecutor's performance is the paramount consideration for assessing compliance with plea agreements. Perhaps even more important than what the prosecutor does in any given case is how she does it—what she says, in what way, and with what implication. The record before us reveals that the prosecutor asked the court to adopt the parties' plea agreement but then, for the first time, qualified her request by explaining the "sole reason" and "sole driving force" behind agreeing to recommend suspended

sentences was the victim's desire for the defendant to be part of their daughter's life. This qualification undermined—and therefore breached—the prosecutor's agreement to recommend suspended sentences, entitling the defendant to resentencing before a different district court judge.

981 N.W.2d 126, 128 (Iowa 2022).

And in *Boldon*, the court explained that expressions of a material reservation, either express or implied, deprives the defendant of the benefit of the bargain. 954 N.W.2d at 72.

Here, the prosecutor recommended concurrent sentences in accord with the parties' plea agreement. The prosecutor stated, "The State is recommending that the counts run concurrently with each other." The prosecutor then went on to discuss those factors that justified incarceration. At no time during the sentencing proceeding did the prosecutor suggest consecutive sentences would be more appropriate than concurrent sentences. The parties agreed the State would recommend concurrent sentences but be free to argue for a term of incarceration while the defendant would be free to argue for a deferred judgment or suspended sentence. That is what occurred.

*Id.* at 71.

This case is closer to *Boldon* than *Fannon* or *Patten*. There was nothing in Harris's plea agreement that required the State to stand silent. Rather, the State agreed to recommend suspended sentences, and Harris was free to seek deferred judgments. The State's explanation why it recommended suspended sentences did not deprive Harris of the benefit of the bargain. Finding no breach of the plea agreement, we affirm.

**AFFIRMED.**