# IN THE COURT OF APPEALS OF IOWA

No. 22-0500
Filed January 11, 2023

**CLYDE WINTHROP HINKLE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.

Clyde Hinkle appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Erin Patrick Lyons of Lyons Law Firm, PLC, Waterloo, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Clyde Hinkle appeals the district court's grant of summary judgment dismissing his application for postconviction relief (PCR). Hinkle did not establish prejudice and accordingly his ineffective-assistance-of-counsel claim fails. We affirm.

**I. Background Facts & Proceedings.**

In February 2018, as part of a plea agreement Hinkle pleaded guilty to one count of second-degree sexual abuse and one count of lascivious acts with a child. The plea agreement provided the sentences for the two convictions would run consecutively and the State would dismiss twenty-two related charges.

At the plea and sentencing hearing, the court explained to Hinkle how consecutive sentences would affect his parole eligibility and commented on the beneficial nature of his plea agreement. Hinkle agreed he understood and had authorized the plea agreement. Both the State and defense asked the court to follow the plea agreement. When pronouncing sentence, the court did not state whether the sentences were to run concurrently or consecutively, but throughout the hearing it repeatedly mentioned the plea agreement and the much longer sentence Hinkle faced had he gone to trial.[1] Neither counsel brought the missing

---

[1] The court's reasons for the sentences imposed included the plea agreement:

> In assessing the sentence here I have to look at the opportunity to rehabilitate Mr. Hinkle, the need to protect the community from him and others, the nature of this offense, Mr. Hinkle's previous criminal record, Mr. Hinkle's age, education, employment and family circumstances, the recommendation—I don't have a [presentence investigation] recommendation, so the joint recommendation of the attorneys per the plea agreement, the fact that restitution can be required—although if Mr. Hinkle's in prison it

consecutive/concurrent pronouncement to the court's attention. The written sentencing order issued later that day directed the sentences to run consecutive to each other. The order further stated, "The reason for consecutive sentences is the ongoing nature of the offense and the fact the Defendant agreed to consecutive sentences." Hinkle did not appeal the sentence imposed.

In May, nearly three months after sentencing, Hinkle filed a motion for reconsideration of sentence. *See* Iowa Code § 902.4 (2018). The court denied the motion stating, "The court's sentence in this case was appropriate in light of the nature of this offense. The court deems the possibility that the Defendant will be rehabilitated as slight and he presents a very significant risk to society." In September, Hinkle filed another motion for reconsideration of sentence and in a letter asked the court to run his sentences concurrently and remove the mandatory minimum. The court again denied the motion stating, "The court is confident that the sentence imposed was appropriate. Defendant's incarceration is necessary to protect society from Defendant and the chance of rehabilitating Defendant is not sufficient to justify a shorter period of incarceration." In October 2019, Hinkle filed a motion for correction of illegal sentence, alleging counsel provided ineffective assistance, which the court again denied.

On January 24, 2020, Hinkle filed this application for PCR, alleging a violation of his constitutional rights and ineffective assistance of counsel and claiming discovery of new material facts. The State filed a motion for summary judgment on all grounds. Hinkle resisted, asserting his plea counsel was

is unlikely to be paid in any significant amount—and the victim impact statement I received both in writing and in the courtroom today.

ineffective in not recognizing the court's failure to expressly impose consecutive sentences in its oral pronouncement meant that, by default, it imposed concurrent sentences. Hinkle only resisted the summary judgment claim on the consecutive/concurrent question.

The district court noted Hinkle did not raise in his PCR application the issue of the sentencing court's silence of oral pronouncement of consecutive or concurrent sentences, but it addressed the question to resolve Hinkle's ineffective-assistance-of-counsel claim. The district court determined "all signs point to the court intending a consecutive sentencing, the oral pronouncement is silent, the offer was for consecutive sentencing, and the written sentence specifies a consecutive sentencing, there is no reason to find that the Court had intended a concurrent sentence to be imposed through its silence." The court further found Hinkle failed to establish prejudice or that he would have insisted on going to trial on all twenty-four counts if he had known the sentences would be consecutive. The court held Hinkle failed to show a genuine issue of material fact on his ineffective-assistance-of-counsel claim that precluded summary disposition and granted the State summary judgment.

Hinkle appeals.

## II. Standard of Review.

"We generally review a district court's denial of an application for postconviction relief for errors at law. However, a PCR application alleging ineffective assistance of counsel raises a constitutional claim, and we review postconviction proceedings that raise constitutional infirmities de novo." *Sothman*

*v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (internal quotation marks and citations omitted).

**III. Analysis.**

A claim of ineffective assistance of counsel requires the claimant demonstrate counsel failed to perform an essential duty and prejudice resulted. *Id.* "Failure to prove either prong . . . results in failure of the defendant's ineffective-assistance-of-counsel claim." *State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004). "We presume counsel acted competently but that presumption is overcome 'if we find [Hinkle] has proved his counsel's performance fell below the normal range of competency.'" *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018) (citation omitted). To prove the prejudice prong, Hinkle must show that "the outcome of the [sentencing] proceeding would have been different." *State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011) (alteration in original).

Hinkle asserts counsel failed in their duty to recognize a discrepancy between the oral pronouncement of sentence and the sentencing order and he was prejudiced because if his counsel had notified the court of the inconsistency between the oral and written judgments, his sentence would have been ordered to run concurrently. Hinkle asserts the court's "oral sentence imposed the sentences concurrently," but this is a misstatement of the record. He relies on an argument that no pronouncement of concurrent or consecutive sentence presumes concurrent sentences—a presumption not grounded by statute or caselaw.

The district court has discretion to order sentences run consecutively or concurrently. Iowa Code § 901.8. When the court is imposing multiple sentences, it "shall publicly announce . . . whether the sentences shall be served consecutively

or concurrently." *Id.* § 901.5(9)(c). If the court has a duty to publicly announce the sentences as either consecutive or concurrent, it logically follows neither is a presumption. The legislature knows how to create a presumption for consecutive or concurrent sentences and chose not to do so under the general sentencing statute. *Compare id.*, *and id.* § 901.8 ("If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence."), *with id.* § 908.10(2) ("The new sentence of imprisonment for conviction of a felony shall be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court.").

We find nothing in this record supports the suggestion that had counsel notified the court of its omission it would have imposed concurrent sentences. At the sentencing hearing, the court referred to the plea agreement and the parties' agreement of consecutive sentences as supporting the sentence, and the court indicated it would have been inclined to impose a longer continuous term of imprisonment if Hinkle had been convicted of all the charged crimes. In the sentencing order filed immediately after the hearing, the court ordered consecutive sentences due to the ongoing nature of the offenses and Hinkle's agreement to consecutive sentences. In each of Hinkle's three post-judgment motions seeking reconsideration or a change in his sentence the same court denied his requests, noting the risk he poses to society and his favorable plea agreement that resulted in a lighter sentence and expressing confidence "the sentence imposed was appropriate."

Under the unique circumstances of this case, Hinkle has failed to prove he was prejudiced because his counsel did not object when the court's written order imposed the sentence as agreed to as part of his plea agreement. His claim of ineffective assistance of counsel fails, and we affirm the district court's summary dismissal of Hinkle's PCR application.

**AFFIRMED.**