# IN THE COURT OF APPEALS OF IOWA

No. 23-2000
Filed January 9, 2025

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JAMES MILTON MORGAN JR.,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

       A defendant appeals his sentence for two burglary convictions.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

       Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

       Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney

General, for appellee.

       Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**TABOR, Chief Judge.**

Our courts "place a heightened expectation on prosecutors to meticulously carry out the promises they make as part of a plea deal." *See State v. Patten*, 981 N.W.2d 126, 128 (Iowa 2022). As part of that expectation, prosecutors must *recommend* the agreed-upon sentence, not just *inform* the court what the agreement is. *Id.* at 131. Because the prosecutor appearing at James Morgan Jr.'s sentencing for two counts of burglary violated the plea agreement by making no recommendation for concurrent sentences, we vacate the consecutive ten-year terms and remand for resentencing.

## I. Facts and Prior Proceedings

In 2023, on April 29 and again on May 1, Morgan broke into the apartment of his former girlfriend. Both times, she awoke to him "hovering" over her. During the second break-in, Morgan sprayed "bear mace" at her face. Not only did Morgan lack permission to enter the victim's home, but he was subject to a no-contact order in connection with two domestic abuse assault charges.

The State charged Morgan with two counts of burglary in the second degree, class "C" felonies, in violation of Iowa Code section 713.5 (2023). He entered a plea agreement with the State, which the prosecutor outlined at the August guilty plea hearing:

> In the two felony matters before the Court today the defendant would be pleading guilty to burglary second in each of those. The State would be asking that these two cases run concurrently, or at the same time with one another, and then he has two misdemeanor cases that were also going to be taken into consideration.
> One of them he would be pleading guilty to and that would also, the State would agree, run concurrently with the felony matters. The other one would be dismissed at his cost. The defendant would be free to argue for any disposition he would like. The State would

be bound to be requesting concurrent time and not consecutive time. The fines would be suspended where possible.

A different prosecutor appeared at the December 2023 sentencing hearing. When asked for its sentencing recommendation, the prosecutor stated:

> Your Honor, the State is recommending that in both of the felony cases, the defendant receive a ten-year sentence, a prison term that would be imposed, and that the defendant be remanded to the custody of the Department of Corrections.
> It is my understanding that the agreement between the parties is that those sentences will run concurrent to one another, and then any fines that would be assessed. [The prosecutor who reached the plea agreement] didn't provide me with any notes on that, but I would assume they would be minimal fines and suspended to the extent they can be. Victim restitution, if there is any to be imposed. And then the State has argument if the Court would like to hear it as to why the State is recommending prison.

The court responded: "I would like to hear it." The prosecutor then gave a lengthy rendition of Morgan's criminal history and described these two burglaries as "both very, very terrifying criminal incidents." In his turn, Morgan asked for placement in a residential correctional facility. The court imposed consecutive prison terms for a total sentence not to exceed twenty years. Morgan appeals that sentence, arguing the State breached the plea agreement.

## II.    Analysis

We review Morgan's sentencing claim for the correction of legal error. *See State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022).[1]  An example of legal error is the State's breach of a plea agreement. *Patten*, 981 N.W.2d at 130. When deciding whether there was a breach, we hold prosecutors to "strict, not

---

[1] Morgan has good cause to appeal under Iowa Code section 814.6(1)(a)(3)) because he is challenging the sentence imposed based on the prosecutor's alleged breach of the plea agreement rather than the plea itself. *See Davis*, 971 N.W.2d at 554.

substantial, compliance with the terms of plea agreements" they reach with the accused. *State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011).

Morgan contends that the prosecutor failed to uphold the State's promise to *recommend* concurrent sentences; what he did instead was recite the agreement and then provide information that "expressed implicit reservations" about the sentence proposed in the plea agreement. We agree with Morgan's contention.

For decades, our appellate courts have emphasized "that the State's promise to recommend specific sentences to the court requires the prosecutor to present the recommended sentences with his or her approval, to commend these sentences to the court, and to [indicate] that the recommended sentences are supported by the State and worthy of the court's acceptance." *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999). By contrast, it is not enough to just "inform" the court of the agreement reached. *Patten*, 981 N.W.2d at 131.

This case falls into the "inform only" category. The prosecutor did nothing more than relay the content of the agreement. He started by telling the court that the State was "recommending that in both of the felony cases, the defendant receive a ten-year sentence, a prison term that would be imposed and that the defendant be remanded to the custody of the Department of Corrections." When referencing the State's sentencing concession, he did not recommend, commend, or otherwise suggest that concurrent sentences deserved the court's acceptance. Rather, he gave this lackluster summation of the plea bargain: "It is my understanding that the agreement between the parties is that those sentences will run concurrent to one another."

The State maintains that the prosecutor was free to argue in support of a prison term rather than probation and placement at a residential facility. It compares Morgan's case to *State v. Boldon*, arguing there is no breach of a plea agreement where the prosecutor recommends concurrent terms but also "identifie[s] factors militating in favor of a prison sentence." 954 N.W.2d 62, 67 (Iowa 2021). But *Boldon* is distinguishable. There, the prosecutor said outright: "The State is recommending that the counts run concurrently with each other." *Id.* The *Boldon* court found that the prosecutor "complied with the spirit and letter of the plea agreement" by recommending concurrent terms while countering the defense request for a deferred judgment. *Id.* at 72. Not so here. The prosecutor did not advocate for concurrent terms. He did not even make a "perfunctory request" for the court to adopt the plea agreement. *See Patten*, 981 N.W.2d at 132. "Having found at least implicit material reservations in the prosecutor's explanation," we cannot conclude that the State fulfilled its promise to recommend concurrent sentences. *Id.* at 133.

"[T]he remedy for the State's breach of a plea agreement as to a sentencing recommendation is to remand the case for resentencing by a different judge, with the prosecutor obligated to honor the plea agreement and sentencing recommendation." *State v. Lopez*, 872 N.W.2d 159, 181 (Iowa 2015). In doing so, "[w]e intend no criticism of the district [court] judge." *Id.* (quoting *United States v. Cachucha*, 484 F.3d 1266, 1271 (10th Cir. 2007)).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**