# IN THE COURT OF APPEALS OF IOWA

No. 15-1602
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN JOSEPH HAUERSPERGER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Paul B. Ahlers, District Associate Judge.

The appellant appeals his guilty plea and sentence, asserting his trial counsel was ineffective and the sentencing court abused its discretion. **AFFIRMED.**

Kimberly A. Voss-Orr of Law Office of Kimberly A. Voss-Orr, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Bower, J., and Blane, S.J. *

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

John Joseph Hauersperger appeals his guilty plea and sentence claiming: (1) his trial attorney was ineffective in failing to object to the county attorney's breach of the plea agreement, and (2) the trial court abused its discretion in imposing sentence. After reviewing the record, we find trial counsel was not ineffective and the sentencing court did not abuse its discretion; we affirm.

## I. Procedural Background.

On March 27, 2015, Hauersperger was charged by trial information with driving while barred in violation of Iowa Code section 321.256 (2015). In August, Hauersperger, while represented by counsel, signed and filed a written guilty plea to the charge.[1] The guilty plea contained the plea agreement, which was filed of record. The agreement provided Hauersperger would plead guilty as charged and the county attorney would recommend to the court at sentencing a one-year sentence with all but ninety days suspended, two years' probation, the statutory minimum fine, and dismissal of an unrelated charge and any other charges related to this matter. Hauersperger could request a lesser jail term and the ability to make payments towards fines and fees. By order on August 25, 2015, the court accepted the guilty plea and set sentencing.[2]

At a later date, Hauersperger appeared with his counsel before the court for sentencing. The court inquired as to the plea agreement and the prosecutor set it forth exactly as contained in Hauersperger's written guilty plea, without

---

[1] *See* Iowa R. Crim. P. 2.8(2)(b)(5).
[2] The plea was not conditioned upon the court's acceptance of the plea agreement. *See* Iowa R. Crim. P. 2.10(3).

extraneous comment, and also described Hauersperger's criminal record.[3] Hauersperger's trial counsel did not lodge an objection to the State's recitation of the agreement. Hauersperger's attorney then presented his own sentencing recommendation, which was for one year in jail with all but twelve days suspended and credit for time served—meaning Hauersperger would spend no further time in custody, as he had already served twelve days.

The court then allowed Hauersperger to exercise his right of allocution. Following Hauersperger's statement, the court imposed sentence, rejecting the plea agreement and sentencing him to two years of imprisonment. The court stated on the record the reasons for imposing the prison sentence. Following sentencing, Hauersperger filed this timely appeal.

---

[3] Specifically, the prosecutor stated:

> The State has no evidence to present today. The plea agreement between the defense and the State begins by including dismissal of case ending 164 as part of the defendant's agreement to plea to Case 063. Additionally, the State agreed to recommend one year in jail with all but 90 days of that suspended, the statutory minimum fine, and request the defendant be placed on probation for a period of two years. Additionally, the State agreed that the defense is free at sentencing to request a differing sentence from this recommendation of the State.
>
> With regard to the defendant's criminal history, Your Honor, his records indicate a 2000 conviction for Operating While Intoxicated, First Offense; a 2000 conviction for Driving While Suspended; 2002 conviction for Driving While Barred; 2002 conviction for Possession of a Controlled Substance; 2003 conviction of Driving While Barred as a Habitual Offender, 2007 conviction for Driving While Barred as a Habitual Offender; 2008 conviction for Driving While Barred as a Habitual Offender; 2009 conviction for Operating While Intoxicated, Second Offense; 2009 conviction for Possession of a Controlled Substance; 2010 conviction for Driving While Barred as a Habitual Offender; 2012 conviction for Possession of Marijuana; 2012 conviction for Driving While Barred as a Habitual Offender; 2013 conviction for Driving While Barred as a Habitual Offender.

## II.   Ineffective Assistance of Counsel.

### A.  Standard of Review.

Ineffective-assistance-of-counsel claims are reviewed de novo as they involve a constitutional issue of the right to effective counsel.  *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

### B.  Discussion.

To succeed on a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.  *State v. Tompkins*, 859 N.W.2d 631, 637-38 (Iowa 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  While claims of ineffective assistance of counsel are typically reserved for postconviction-relief proceedings, such claims can be considered on direct appeal where the record is adequate.  *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).  Since the plea agreement was in writing and the sentencing was reported, we find the record here adequate to address Hauersperger's ineffective assistance claim on this direct appeal.  *See* Iowa Code § 814.7(2); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Hauersperger claims his trial attorney was duty-bound here to object to the prosecutor's statements to the court outlining the plea agreement.  He specifically relies on *State v. Horness*, 600 N.W.2d 294 (Iowa 1999) and *State v. Lopez*, 872 N.W.2d 159 (Iowa 2015).  He argues that under these cases, although the prosecution correctly informed the court of the plea agreement, it did not fulfill the "spirit" of the agreement, and his trial counsel was obligated to object.  A review of these cases in light of the record shows the prosecution did

not breach the "spirit" of the plea agreement; thus, defense counsel had no basis to object and was not ineffective.

As the supreme court stated in *Horness*:

> Our task, then, is to determine whether [appellant] has demonstrated that a reasonably competent attorney would have objected to the prosecutor's statements as a breach of the negotiated plea agreement. We have stated on previous occasions that defense counsel has not failed to perform an essential duty when counsel fails to raise a claim or make an objection that has no merit. Accordingly, the defendant's counsel here cannot be faulted for failing to object to the prosecutor's statements as being a breach of the plea agreement if, in fact, they were not contrary to the State's agreement.

600 N.W.2d at 298 (citations omitted). The court found that although the prosecution set forth the plea recommendation, it also twice referenced the "alternative recommendation" in the presentence investigation, which contained a "more severe" sentencing proposal, and did not put forth the plea agreement "with some degree of advocacy." *Id.* at 299-300.

In *State v. Lopez*, the supreme court restated the obligation of prosecutors to abide by plea agreements. In that case, it found the prosecutor breached that duty by gratuitously introducing photos of the child victim's injuries not otherwise before the court and using those photos on cross-examination to signal the defendant deserved incarceration rather than probation, as provided by the plea agreement. *Lopez*, 872 N.W.2d at 180.

The supreme court has addressed this issue in two other cases: *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008) and *State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011). In *Bearse*, the plea agreement committed the State to recommend against incarceration. 748 N.W.2d at 213. At sentencing, a different

prosecutor recommended a prison sentence based upon the recommendation in the presentence investigation report (PSI)—a clear departure from the plea agreement. *Id.* In *Fannon*, the parties reached a plea agreement under which the defendant pled guilty to two counts of sexual abuse in the third degree and the State was to make no sentencing recommendation at the sentencing hearing. 799 N.W.2d at 517. A different prosecutor attended the sentencing hearing and urged the court to impose two consecutive ten-year prison sentences. *Id.* Again, this was a clear breach of the plea agreement that imposed on defense counsel an obligation to object. *Id.* at 522. In Hauersperger's case, we do not have a similar situation as found in these four supreme court opinions.

Our court has more recently addressed two cases that raised the same contention of ineffective assistance of counsel regarding enforcement of plea agreements: *State v. Frencher*, 873 N.W.2d 281 (Iowa Ct. App. 2015) and *State v. Schlachter*, 884 N.W.2d 782 (Iowa Ct. App. 2016). Both analyzed the four earlier supreme court cases cited above. "While a prosecutor normally need not present promised recommendations to the court with any particular degree of enthusiasm, it is improper for the prosecutor to inject material reservations about the agreement to which the government has committed itself." *Schlachter*, 884 N.W.2d at 785 (quoting *United States v. Cachucha*, 484 F.3d 1266, 1270-71 (10th Cir. 2007)). "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement . . . ." *Frencher*, 873 N.W.2d at 284. Thus, "[w]here the State technically complied with the agreement by explicitly recommending the agreed-upon sentence but expressed material reservations

regarding the plea agreement or sentencing recommendation, it can fairly be said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *Id.* (citing *Cachucha*, 484 F.3d at 1270-71). During Hauersperger's plea, the prosecution did not inject any material reservations about the plea agreement.

During the sentencing the prosecutor, in addition to setting forth the plea agreement, advised the judge of Hauersperger's prior convictions. Whether this would constitute a breach of the plea agreement by the prosecution was discussed in *Schlacter* and rejected. 884 N.W.2d at 786 ("Furthermore, we consider it inappropriate and unacceptable that any plea agreement prohibit the court from being advised of a defendant's criminal record at the time of sentencing.").

Because the State did not breach the plea agreement, Hauersperger's counsel had no duty to lodge an objection to the prosecutor's statements. *See Bearse,* 748 N.W.2d at 214–15. Thus, Hauersperger's claim of ineffective assistance of counsel fails.

### III. Abuse of Discretion in Sentencing.

#### A. Standard of Review.

When a defendant's sentence is within the statutory limits, the appellate court reviews the district court's decision for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). The district court has broad discretion to act within legal parameters. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The district court necessarily has latitude to act "according to the dictates of a judge's own conscience, uncontrolled by the judgment of others" for sentencing

decisions. *Id.* The appellate court's review is limited to deciding if the district court's decision "was unreasonable or based on untenable grounds." *Id.*

B. Discussion

The sentencing court must craft a sentence that both addresses rehabilitation of the defendant and protects the community. *See* Iowa Code § 901.5. In creating this sentence, the sentencing court should

> [w]eigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

*State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (alteration in original) (quoting *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999)).

In this case, the district court weighed the appropriate factors in sentencing Hauersperger. In sentencing him, the court stated, in pertinent part:

> In terms of sentencing, my goals are to provide for your rehabilitation and the protection of the community. I understand [defense attorney's] comments that this is a status-related offense, meaning your status is barred. I disagree with his assessment that you don't pose a danger. The driving regulations are put in place for a reason. Whether you agree with it or not, it's been determined that certain people should not have driver's licenses because of their past lack of responsibility with their driver's license, and you have lost your driving privileges through your own criminal behavior. The legislature has deemed it appropriate to set this offense at the aggravated misdemeanor level to impress upon folks the serious nature of the offense. And I believe you are aware, Mr. Hauersperger, of the serious nature of the offense, given the fact that you have been sent to prison before because of your repeated commission of this crime.
> With the goals of rehabilitation and protection of the community in mind, in trying to achieve those goals, to the extent these details have been made known to me, I have taken into account your age; your employment circumstances; your family circumstances and obligations; the nature of the offense and facts

and circumstances surrounding it; the recommendations of the parties; the information presented here today; and your criminal history, which includes the fact by my count that this is your eighth Driving While Barred offense since 2002. You made the comment that sending you to a term of incarceration isn't going to do any good. That begs the question to me, Mr. Hauersperger, of what is going to do any good, since it doesn't seem like anything stops you from repeatedly committing this crime. Even sending you to prison the last time you did it apparently didn't deter you because you got out, and you have done it again. So I'm out of ideas as to what can be done to fix the problem, but what I do know is that whatever has happened in the past is just not deterring you, so I guess we will keep doing this until something does deter you.

As the record shows, the court considered Hauersperger's age, employment, family circumstances and obligations, the nature of the offense, the recommendations of the parties, and his criminal history. The district court determined that Hauersperger was a danger to the community. It noted that he had committed eight driving-while-barred offenses since 2002. Hauersperger argues in his brief that the sentencing factors required the court to grant him probation and failing to do so was an abuse of discretion.

We find the sentencing court considered appropriate factors, set them out on the record, and imposed a sentence that meets statutory and constitutional requirements. It is not for this court on appeal to substitute our judgment as to what might have been the appropriate sentence. The sentence was neither unreasonable nor based on untenable grounds. Therefore, there was no abuse of discretion.

**IV.    Conclusion.**

As we find trial counsel was not ineffective and the sentencing court did not abuse its discretion, we affirm.

**AFFIRMED.**