# IN THE COURT OF APPEALS OF IOWA

No. 20-0117
Filed August 18, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**WADE CORTEZ JONES,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.


Wade Jones appeals his convictions for assault on persons in certain occupations, driving while barred, and third-degree criminal mischief. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Wade Cortez Jones appeals the sentences for his convictions for assault on persons in certain occupations, driving while barred, and third-degree criminal mischief. We conclude the appeal of his sentence is not barred by Iowa Code section 814.6 (2020), the sentencing court did not consider improper factors, and the State did not breach the plea agreement. Therefore, we affirm.

**I. Background Facts & Proceedings.**

In April and July 2019, Jones was involved in altercations resulting in being charged with multiple criminal offenses. In August, Jones was charged with assault on persons in certain occupations while using a dangerous weapon and driving while barred. In September, he was charged in a separate case with third-degree criminal mischief.

Jones and the State reached a plea agreement relating to both cases, and Jones entered guilty pleas to assault on persons in certain occupations, driving while barred, and third-degree criminal mischief. With respect to sentencing, the agreement provided: "This is an open plea. The State will not resist supervised probation if deemed appropriate by the Seventh Judicial Department of Corrections. If incarceration is imposed, the State will not resist concurrent sentences. If the defendant is granted probation, the State will recommend these sentences run consecutive." At sentencing, Jones requested suspended sentences with concurrent terms of probation. The State also recommended suspended sentences but with consecutive terms of probation.

After hearing the State's presentation, the court had questions about its recommendation.

THE COURT: So why are you recommending probation since he—given the fact that he was sentenced on theft first degree and failed on parole and was sent back to prison?

And your assault on a person in certain occupations in the FECR case, he was—according to the minutes, he was in the process of fleeing and almost ran over a police officer. Do you have any notes as to why—

[PROSECUTOR]: I don't have any notes as to the exact rationale for that. I think it may be that it was anticipated a fuller [presentence investigation report (PSI)] might be prepared, and it was, but the situation remains that it is an open plea and the court is free to impose any sentence the court desires.

THE COURT: The reason I ask that is I'm kind of in a quandary as to why the State is recommending probation given his failure to successfully complete even parole and given the violent nature of his assault on a police officer, which was first charged as a felony, but he pled to a serious misdemeanor? Is there any reason why sentencing should not be imposed at this time?

[PROSECUTOR]: No, Your Honor.

THE COURT: Well, Mr. Jones, I've looked at your [PSI] and also the minutes of testimony on the assault on a person in certain occupations. You were sentenced to ten years in prison on a theft first degree charge, and you were then paroled, but then you failed to abide by the terms and conditions of your parole, which was then revoked and you were sent back to prison.

So the court finds that, given those facts, and also in consideration of the fact that you broke out the windshield on a vehicle in the aggravated misdemeanor AGCR case, the court finds that a period of incarceration is warranted.

The court imposed sentences of incarceration for each conviction, the sentences for assault on persons in certain occupations (one year) and driving while barred (two years) to run concurrently, and the third-degree criminal mischief sentence (two years) to run consecutively. The court explained, "[T]he reason for the consecutive sentences is his failure to abide by the parole requirements, as well as the facts and circumstances in both cases, which were previously indicated by the court."

Jones appeals.

**II. Standard of Review.**

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). An allegation the prosecutor breached the plea agreement at the time of sentencing "is a species of sentencing error" reviewed for correction of errors at law. *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (citation omitted). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Damme*, 944 N.W.2d at 103 (citation omitted).

**III. Analysis.**

Jones raises three arguments on appeal. The first relates to the right to appeal under Iowa Code chapter 814.6. Next, he claims the district court utilized improper sentencing criteria in imposing sentence. Finally, he argues resentencing is required because the State breached the plea agreement.

*Right to appeal.* First, Jones argues the 2019 changes to Iowa Code section 814.6(1)(a)—limiting the right of appeal following a guilty plea unless defendant establishes good cause—should not apply to offenses occurring before the statute's effective date. If the statute applies, Jones argues good cause exists to allow the appeal to go forward.[1]

After Jones's brief was filed, our supreme court settled this issue, determining "good cause exists to appeal from a conviction following a guilty plea

---

[1] Iowa Code section 814.6 took effect on July 1, 2019. The amended statute applies to Jones's case. *See State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021) ("The new legislation applies to this appeal because judgment and sentence was entered after the effective date of the bill.").

when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105. Because Jones is appealing his sentence rather than the guilty pleas, section 814.6 does not bar this appeal.

*Improper sentencing factors.* Next, Jones asserts the court considered two improper sentencing factors. He claims the court considered the initial charge of assault on persons in certain occupations as a felony and an unadmitted and unproven aggravating circumstance that Jones was fleeing from police when the assault occurred.

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." Our task on appeal is not to second-guess the sentencing court's decision. Rather, we must determine that its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of respect afforded by the appellate process." Nevertheless, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required . . . even if it was merely a 'secondary consideration.'"

*Id.* at 105–06 (citations omitted).

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Formaro*, 638 N.W.2d at 725. "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). However, the burden is on the defendant to affirmatively demonstrate the court relied on an

improper factor. *Damme*, 944 N.W.2d at 106. "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000).

The court looked to the minutes of testimony—accepted as true by Jones—before determining the appropriate sentence.[2] In doing so, the court noted "according to the minutes, [Jones] was in the process of fleeing and almost ran over a police officer," resulting in a charge of assault against persons in certain occupations. This statement does not establish the court relied on an unproven and uncharged offense.

In imposing sentence, the court looked at Jones's presentence investigation recounting his criminal history, the admitted minutes of testimony, and Jones's unsuccessful history of supervised release. No improper factors or unproven offenses were considered and the sentencing court did not abuse its discretion in imposing sentence..

---

[2] Jones's written guilty plea on the assault and driving charge provided as a factual basis "I did assault a person defined as a person [in certain occupations]. I also did operate a motor vehicle while [my] license was barred." Jones's written guilty pleas both included the statement, "I accept the minutes of testimony as substantially true as to the elements of these charges, with the exclusion of the following statements." On the assault and driving while barred plea, Jones wrote in "N/A" where he could take exception. On his criminal mischief written plea—with a factual basis that he "did damage a motor vehicle's windows"— Jones did not write anything under the exclusion statement.

This is distinguishable from *State v. Perry*, No. 20-1101, 2021 WL 3076301, at *2–3 (Iowa Ct. App. July 21, 2021), where we reversed, finding the defendant's written pleas did not include a statement accepting the minutes as true and the court mentioned multiple facts irrelevant to the defendant's plea.

*Breach of plea agreement.* Jones's third claim on appeal is that resentencing is required because the State breached the plea agreement when, after recommending consecutive sentences of probation and noting the plea was "open," the prosecutor did not clarify the State did not resist concurrent sentences in the event of incarceration. He suggests we review the issue either as an ineffective-assistance-of-counsel claim or based on plain error.

The State argues the ineffective-assistance claim is barred by Iowa Code section 814.7, which states such a claim "shall not be decided on direct appeal from the criminal proceedings."[3] Jones argues Iowa Code section 814.7 does not apply. Alternatively, he seeks—and the State opposes—a plain error review, though Iowa courts have historically declined to adopt such a review. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("We have repeatedly rejected plain error review and will not adopt it now.").

In *State v. Boldon*, our supreme court held Iowa Code section 814.7 did not preclude the review of an alleged prosecutorial breach of a plea agreement because the alleged breach was a claim of sentencing error that could be reviewed directly without being cast as an ineffective-assistance claim. 954 N.W.2d 62, 70–71 (Iowa 2021); *see also Jordan*, 959 N.W.2d at 399. While "[d]efense counsel certainly has a duty to object to a breach of the plea agreement at the time of sentencing . . . the failure to object does not preclude appellate review." *Boldon*, 954 N.W.2d at 70. "A prosecutor's breach of the plea agreement at sentencing

---

[3] The State's brief addresses whether the claim can be addressed under ineffective-assistance or plain error, but does not address the merits.

irreparably taints the sentencing proceeding and a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection." *Id.* at 71.

"We . . . hold prosecutors 'to the most meticulous standards of both promise and performance.' These standards demand of prosecutors strict, not substantial, compliance with the terms of plea agreements." *State v. Fannon*, 799 N.W.2d 515, 522 (Iowa 2011) (citation omitted). We consider both the spirit and the express terms of a plea agreement in determining if a prosecutor has breached it. *Id.*

As noted above, the plea agreement provided that if probation was granted the State would recommend consecutive sentences, and if incarceration was imposed the State would not resist concurrent sentences. Jones alleges the State breached the plea agreement in not stating it did not resist concurrent sentencing in the event the court were to elect to impose incarceration.

At the sentencing hearing—though it was under no obligation to do so—the State recommended suspended terms of incarceration and consecutive sentences of supervised probation. After the State's recommendation for supervised probation, the court asked, "Your plea agreement indicates this is an open plea; is that still the plea agreement?" and the State confirmed that it was. The court then asked why it was a probation recommendation, and the State answered,

> I don't have any notes as to the exact rationale for that. I think it may be that it was anticipated a fuller PSI might be prepared, and it was, but the situation remains that it is an open plea and the Court is free to impose any sentence the Court desires.

We conclude the State did not breach the plea agreement. The State recommended suspended sentences with supervised probation and recommended the terms run consecutively, which the agreement allowed. Even

after further questioning from the court, the State continued to recommend the lesser sentence of supervised probation and so had no reason to indicate it would not resist concurrent terms of incarceration.  Under these circumstances, the State did not deprive Jones of the benefit of his plea bargain.

Finding no error of law or abuse of discretion, we affirm the sentences imposed.

**AFFIRMED.**