# IN THE COURT OF APPEALS OF IOWA

No. 21-0762
Filed March 2, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL LYNN COSPER, JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

Michael Cosper Jr. appeals his sentence following a guilty plea and conviction. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Michael Cosper Jr. pled guilty to multiple charges in exchange for the State dropping two others. The plea agreement was silent on the terms of the prosecutor's sentencing recommendation but instead confirmed both parties were "free to argue." At the sentencing hearing, the prosecutor made references to Cosper's past criminal history and asked for a prison sentence, while Cosper requested suspended sentences and probation. The court ultimately sentenced Cosper to prison for a total term not to exceed seven years, with all but one charge to be served concurrently and the remaining charge to run consecutively. On appeal, Cosper argues the prosecutor violated the plea agreement and the court abused its discretion by not detailing the reasons for its order of consecutive sentences. Because the plea was silent as to the sentencing recommendations and the court provided sufficient reasoning for consecutive sentences, we affirm the district court's sentencing decision.

**Background Facts and Proceedings.**

In May 2020, Cosper was charged with first-degree harassment and domestic abuse assault with a dangerous weapon. Then, in December, he was charged with second-degree theft; eluding; possession of a controlled substance, third offense;[1] and driving while barred. Cosper initially pled not guilty to all of the charges. But, in March 2021, he filed a written guilty plea for operating a motor vehicle without the owner's consent, a lesser included offense of second-degree theft, as well as for eluding, possession of a controlled substance, and the assault

---

[1] The charge in this case is for possession of marijuana. Cosper's prior offenses were for both marijuana and methamphetamine.

charge. The State, in exchange, dismissed both the harassment and driving-while-barred counts. The parties agreed to a contested sentencing, and the plea agreement stated, "the State has spoken with the prosecutor in [a separate] Boone County Case . . . , and the prosecutor in that case has indicated he will recommend disposition that does not interfere with disposition in Polk County once the Polk County cases are resolved."

At the April sentencing hearing, both parties discussed Cosper's previous incarceration for vehicular homicide when he was a teenager. He spent nine years—the majority of his adult life to date—in prison. Following his release, he continued to struggle with drug use and other criminal activity. After pleading guilty to the current charges, Cosper requested five years probation and suspended, consecutive sentences on all four charges, for fourteen years altogether. Cosper believed this would give him the incentive to turn things around and better reacclimate to society. The State, on the other hand, emphasized to the court that, "Mr. Cosper is not a victim. . . . If you want to talk about a victim, we should talk about [the victim of the vehicular manslaughter], because his justice is still not being served because Mr. Cosper gets to continue on with his life." The State then referenced Cosper's other criminal infractions by arguing, "Mr. Cosper has repaid that debt that could never be repaid by again and again and again and again and even today committing crime after crime." The State recommended prison sentences.

The court considered Cosper's "age, the nature of the offenses that [had] been committed[,] . . . and [his] prior convictions and record." But the court explicitly stated:

> The State has alluded to the fact and argued that there has not been sufficient justice in one of your previous cases, and I do not consider that statement as made because I believe those matters were dealt with and you were serving your time appropriately. So the Court is not going to consider as well as to—whether justice was done in that case. The Court considers that it has, and your sentence was served.

Still, the court noted Cosper's continued struggles with avoiding drugs and criminal activity, and determined probation was insufficient. Toward that end, the district court imposed prison sentences: two years for operating a motor vehicle without the owner's consent; five years for eluding; five years for possession of a controlled substance, third offense; and two years for domestic abuse assault with a dangerous weapon. The sentence for domestic abuse assault was to run consecutively with the other charges, which would run concurrently, for a total prison term not to exceed seven years. The court explained its decision: "The sentence is consecutive in that manner because of the . . . separate nature of those offenses. Those are specifically separate offenses. And also considering the defendant's history.[2] Probation is denied."

Cosper timely appealed and now argues (1) the State breached its plea agreement and (2) the district court abused its discretion in ordering consecutive sentences.

**Discussion.**

Typically, parties are unable to appeal from a conviction following a guilty plea to a crime other than a class "A" felony; but, there is an exception if they can show good cause. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020); Iowa Code

---

[2] These reasons were repeated in the written sentencing decision.

§ 814.6(1)(a)(3) (2021). And our supreme court has already established that "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105. Additionally, Cosper has good cause to challenge whether the prosecutor breached the plea agreement, as the challenge goes to the sentencing hearing rather than Cosper's guilty pleas. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). So, Cosper is free to bring his appeal.

Cosper argues the State breached its plea agreement and that the district court abused its discretion in ordering consecutive sentences. "Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Finally, when the sentence is within the statutory limits, we review the district court's decision for abuse of discretion. *Id.* at 725.

**Plea Agreement.**

"[A]n allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error to which the traditional rules of error preservation are inapplicable." *Boldon*, 954 N.W.2d at 70. "A prosecutor's breach of the plea agreement at sentencing irreparably taints the sentencing proceeding and a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection." *Id.* at 71. As such, Cosper was not required to preserve error on this claim.

At the onset, we hold prosecutors to their plea agreements; they must not only tell the court what the agreement states but actually follow through on their side of the bargain. *State v. Bearse*, 748 N.W.2d 211, 215–16 (Iowa 2008) (noting

the prosecutor must comply not only with the terms of the plea agreement, but the spirit of the plea agreement). This means if the prosecutor agrees to recommend a specific sentence, they must both implicitly and explicitly support that sentence to the district court. *Id.*; *see also State v. Horness*, 600 N.W.2d 294, 299–300 (Iowa 1999) ("The State's promise to make a sentencing recommendation is of little value to the defendant if such a promise did not carry with it the implicit obligation to refrain from suggesting more severe sentencing alternatives. Moreover, the written plea agreement need not contain a promise by the prosecutor to remain silent in order to give rise to this duty."). Even if the State complies with the letter of the plea agreement, it can still "deprive[] the defendant of the benefit of the bargain and breach[] the plea agreement" if the prosecutor expresses material reservations over the sentencing recommendation in the plea agreement. *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). If we find either the terms or the spirit of the agreement were violated, we will reverse the conviction or vacate the sentence. *Horness*, 600 N.W.2d at 298.

Cosper also claims that the prosecutor's statements about Cosper's previous conviction were improper and those statements demonstrate the State "acted contrary to the common purpose of the plea agreement." Worried the prosecutor argued for additional punishment based upon the previous case, Cosper contends a violation of the plea agreement occurred. But, the district court took consideration of extraneous factors out of the mix by confirming that, as to the previous case, "[t]he Court considers that [justice was done], and your sentence was served." It is true that a "guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of . . . fundamental rights." *State v. Fannon*,

799 N.W.2d 515, 520 (Iowa 2011) (citation omitted). It does not matter if the violation was intentional or not; regardless, "'[v]iolations of either the terms or the spirit of the agreement' require reversal of the conviction or vacation of the sentence." *Id.* (citation omitted). "'[T]he interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by' ensuring defendants who plead guilty in reliance on promises made by the State receive the benefit of the bargain." *Id.* at 523 (citation omitted). Unlike *Fannon,* the prosecutor here did not change the State's position from the plea agreement, but did come close to arguing the earlier criminal act required additional punishment in the current cases. To the extent that Cosper argues a prosecutor may not mention past criminal history, we note this is not true. *See* Iowa Code §§ 901.3(b) (directing that a presentence investigation report to include the defendant's criminal record), .5 ("After receiving and examining all pertinent information, including the presentence investigation report and victim impact statements, if any, the court shall consider the following sentencing options."). It would be permissible for the district court to consider the full criminal record of Cosper, but not for the purpose of enhancing the punishment because the district court felt the first sentence was inadequate. The latter did not happen here.

We do not believe that the prosecutor violated either the terms or spirit of the plea agreement by seeking a prison sentence based on Cosper's criminal history. The plea agreement is silent on the issue of what the State would recommend—there was nothing binding the prosecutor. *See Bolden*, 954 N.W.2d at 72 ("[Defendant] also argues that the prosecutor breached the plea agreement

by recommending court costs when the plea agreement was silent as to court costs. . . . [As] the plea agreement was silent on the issue[, t]he prosecutor was free to recommend the imposition of costs."). Rather, the parties agreed to each argue what sentence they thought was appropriate. *Compare id.* ("Here, the prosecutor expressed no material reservation regarding the plea agreement. The prosecutor complied with the letter and spirit of the plea agreement. The prosecutor argued for incarceration as he was allowed to do."), *with State v. Lopez*, 872 N.W.2d 159, 178 (Iowa 2015) ("The State, however, agreed to recommend a deferred judgment and probation. We conclude the prosecutor effectively undermined the State's sentencing recommendation by using the photos in a manner suggesting a more onerous sentence was warranted."), *and Bearse*, 748 N.W.2d at 216 ("The agreement in this case required a recommendation against incarceration. The State's initial recommendation of incarceration and subsequent agreement to 'abide by the plea agreement' do not amount to a recommendation against incarceration."). The terms of the agreement required the State to drop some of the charges, which it did. Thus, Cosper got the benefit of his bargain. The prosecutor did not violate the plea agreement.

**Consecutive Sentences.**

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Formaro*, 638 N.W.2d at 724. "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* The court is required

to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(d). The explanation must be at least cursory to allow for appellate review of the discretionary action. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000); *see also State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (noting a "terse and succinct" statement can be enough as long as it does not hinder appellate review). The sentence cannot rely only on the nature of the offense. *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). And "[s]entencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

Cosper argues that the reasons given in his case were not detailed enough and relied only on the nature of the offenses. We had a similar case earlier this year in *State v. Jones*, where a defendant appealed his sentence following a guilty plea with a similar complaint about his sentencing court. No. 21-0469, 2022 WL 246123, at *1 (Iowa Ct. App. Jan. 27, 2022). In *Jones*, the district court noted it considered the:

> maximum opportunity for rehabilitation; protection of the community against further offenses by [the defendant]; the contents of the presentence-investigation report, which detailed [the defendant's] age, criminal history, employment and family circumstances, and mental-health and substance-abuse history; the nature of the crimes; and the separate occurrences of the crimes.

*Id.* Then, in the written order, "the court specified that consecutive sentences were imposed due to the 'separate and serious nature of the offenses.'" *Id.* A panel of this court determined this cursory explanation was enough for appellate review. *Id.*; *see also State v. Dudley*, No. 18-1864, 2020 WL 1310296, at *5 (Iowa Ct. App.

Mar. 18, 2020) (noting the court adequately stated its reasoning when pronouncement at the hearing and the written sentencing order together provide sufficient explanation for review).

In this case, we find much the same situation. At sentencing, the court considered Cosper's "age, the nature of the offenses that have been committed here, and [his] . . . prior convictions and record." The court also noted that Cosper had many past chances to rehabilitate himself. For these reasons, it chose incarceration rather than suspended sentences and probation. Both the court's statements at sentencing and the written sentencing order show the court considered both the separate and serious nature of the offenses and the defendant's prior criminal history in deciding to have some of the sentences run consecutively. *See Hill*, 878 N.W.2d at 275 (providing that when considering a consecutive sentence, the court may rely on the same reasons as for imposing a sentence of incarceration). As was the case in *Jones*, we find that this explanation, while concise, is sufficient for our review. As such, the court provided adequate reasons for its sentencing decision, and we find no abuse of discretion.

**Conclusion**

Because the prosecutor did not violate the plea agreement and the district court provided sufficient explanation for its sentencing decision, we affirm Cosper's sentence.

**AFFIRMED.**