# IN THE COURT OF APPEALS OF IOWA

No. 24-0033
Filed October 16, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY OWEN DOYLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.


        Timothy Doyle appeals his sentences after he pleaded guilty pursuant to a plea agreement to two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(2)(d) (2022).  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.


        Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**SANDY, Judge.**

"It's true, as the defendant's lawyer reminds us, that a bell cannot be unrung.  But a mistake is not a bell, and usually can be corrected."[1]

Timothy Doyle was charged with two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(2)(d) (2022).  Doyle pled guilty on both counts pursuant to a plea agreement.  For counts one and two, Doyle was sentenced to two indeterminate ten-year sentences that were ordered to run consecutively.  Those sentences were ordered to run concurrently to a sentence of Doyle's from an unrelated drug offense.

On appeal, Doyle challenges his sentences arguing (1) the prosecutor breached the plea agreement by making an initial sentencing recommendation different than the one required by the plea agreement; and (2) the district court abused its discretion by failing to sufficiently provide reasoning for imposing incarceration and consecutive sentences for counts I and II.

After reviewing the record, we affirm.

I.       **Background Facts and Proceedings**

Over the course of two days in early July 2019, Doyle penetrated the vagina of a fourteen-year-old girl with his fingers numerous times.  The girl—M.A.—is the daughter of Doyle's then-girlfriend.  Doyle threatened to kill M.A. if she spoke with law enforcement about his inappropriate contact with her.  He also threatened to kill himself if M.A. spoke with anyone about the sexual abuse.

---

[1] *United States v. Diaz-Jimenez*, 622 F.3d 692, 696 (7th Cir. 2010).

However, M.A. reported Doyle's abuse to law enforcement nearly two years later in July 2021. Doyle was subsequently arrested in January 2022 and charged by trial information with two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(3)(a). Doyle was granted pre-trial release in this case,[2] but he was arrested for a probation violation stemming from an unrelated drug possession case in September 2022.

Doyle then entered into a plea agreement with the State in which he agreed to plead guilty to two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(3)(d)—a nonforcible felony alternative. Doyle's plea agreement stated, "[t]his is an open plea. The State may make any recommendation at the time of sentencing. The defendant is free to ask for probation since it is the non-forcible felony alternative. If the defendant's probation gets revoked in FECR417067, the State agrees to recommend concurrent sentences between the two cases."

A resentencing hearing[3] was held on January 5, 2024. When the prosecutor was asked by the district court for his sentencing recommendation, the following exchange occurred:

> PROSECUTOR: Your Honor, we are recommending concurrent sentences between the two cases—or excuse me—the

---

[2] Doyle's pretrial release was revoked on March 6, 2023.

[3] Doyle was initially sentenced at a combined parole revocation and sentencing hearing held on May 10, 2023. Doyle was sentenced to two indeterminate ten-year sentences for counts I and II that were ordered to run consecutively. Additionally, Doyle's probation was revoked in the drug possession case. This sentence was ordered to run consecutively to the sentences imposed for counts I and II. However, these sentences were vacated by an order of our supreme court because Doyle received a less favorable sentence than he bargained for in his plea agreement and was not given the opportunity to withdraw his plea.

two charges, sexual abuse third degree in two counts. That would be a total maximum sentence of twenty years.

COURT: You mean consecutive sentences then?

PROSECUTOR: No. We are recommending concurrent sentences between the two, and then, there's a stipulation, I believe, to the probation violation that makes it go to twenty [years].

COURT: Mr. Puentes.

DEFENSE COUNSEL: Yeah. I mean, so the plea agreement that I have filed on November 4, 2022, under paragraph 3(a), it appears to be kind of the second paragraph, if you want to identify it as such. It says, "If the defendant's probation gets revoked in FECR417067"—which it was—"the State agrees to recommend concurrent sentences between the two cases." The way I interpret that is that it was open as to concurrent and consecutive as to count I and count II, the two sexual-abuse charges, but it was agreed it would be concurrent with that probation revocation, so you are correct. If you recommend it the other way, it would still be twenty years.

PROSECUTOR: That's what I wanted to communicate was the twenty-year maximum because that's what happened in the previous incident which brought the appeal.

COURT: I think the Court's reading of the Plea Agreement is the same as defense counsel; that being it's an open plea as it relates to 420240 and those two counts, but whatever happens for those two counts in the case ending in 240, they must be concurrent with 417067. I believe that's what defense counsel's interpretation is.

DEFENSE COUNSEL: That is my interpretation, Your Honor.

PROSECUTOR: And I agree with that, Your Honor. Thank you.

The district court subsequently sentenced Doyle to two indeterminate ten-year sentences for counts I and II that were ordered to run consecutively. These sentences were ordered to run concurrently to Doyle's sentence from the drug possession case.

Doyle now appeals, arguing (1) the prosecutor breached the plea agreement by making a sentencing recommendation different than the one required by the agreement; and (2) the district court abused its discretion by failing

to adequately provide reasoning for imposing incarceration and consecutive sentences for counts I and II.

## II.  Standard of Review

Our review in challenges to criminal sentences is for correction of errors at law. *State v. Patton*, 981 N.W.2d 126, 130 (Iowa 2022). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (citation omitted). A prosecutor's breach of a plea agreement is a defect in the sentencing procedure. *State v. Lopez*, 872 N.W.2d 159, 181 (Iowa 2015).

We review claims that the district court failed to sufficiently state reasons for the sentence imposed for an abuse of discretion. *State v. Rutherford*, No. 16–0232, 2016 WL 7404606, at *1 (Iowa Ct. App. Dec. 21, 2016).

## III.  Analysis

### A. Does Doyle Have Good Cause to Appeal?

Before we address the merits of Doyle's appeal, we must first determine whether he has established good cause. *See* Iowa Code § 814.6(1)(a)(3). Otherwise, we lack jurisdiction to hear this appeal. *See State v. Clark*, No. 22-1653, 2024 WL 3292545, at *2 (Iowa Ct. App. July 3, 2024) (finding the court lacked jurisdiction because the defendant had not established good cause). The State does not challenge good cause and concedes Doyle has good cause to appeal. But even if a challenge is not made to our jurisdiction over an appeal, we must still determine independently whether we have jurisdiction. *See Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014) ("Although no party challenges

this court's jurisdiction in this case, an appellate court has responsibility *sua sponte* to police its own jurisdiction.").

We conclude Doyle has established good because he claims the prosecutor breached the plea agreement by initially recommending a sentence that differed from the recommendation required by the agreement. *See State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (finding a defendant established good cause by claiming a prosecutor breached a plea agreement).

**B. Breach of Plea Agreement**

Moving on to the merits, Doyle first contends the prosecutor at the sentencing hearing breached the plea agreement because he made a "recommendation which was contrary to its obligation under the plea agreement." He notes the plea agreement was open as to "whether the State would recommend consecutive or concurrent terms for the two counts in this case but required a recommendation the sentences would run *concurrently* to the term in the probation matter." Doyle contends—and we agree—that the prosecutor's initial recommendation called for the sentences imposed in this case to run *consecutively* to the sentence in the drug possession case. This was contrary to the express terms of the plea agreement. As Doyle highlights, the math otherwise would not make sense. Doyle acknowledges the prosecutor corrected his misstatement almost immediately but claims such a correction could not cure the breach. Because he believes the plea agreement was breached, he contends his sentence should be vacated and remanded for resentencing before a different judge. We disagree.

"The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). Because a plea agreement necessarily involves a defendant waiving fundamental rights, our courts are compelled to hold prosecutors to the most exacting standards of promise and performance. *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). Violations of either the express terms or spirit of the plea agreement requires vacation of the underlying sentence, "regardless of whether the violation is intentional or accidental." *State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011). In recommending a particular sentence, a prosecutor must refrain from injecting material reservations about a particular recommendation into the proceedings. *Patten*, 981 N.W.2d at 131.

In *Bearse*, our supreme court found that a prosecutor breached a plea agreement after the prosecutor concurred with a presentence investigation report's recommendation of incarceration for the defendant. 748 N.W.2d at 216. After being informed by the district court that the recommendation was inconsistent with the terms of the defendant's plea agreement, the prosecutor replied that the district court was not bound by the agreement, but that the State would abide by the agreement. *Id.* at 213. In finding the prosecutor's actions violated the plea agreement, the court reasoned "even after the initial confusion was resolved and the prosecutor understood the terms of the agreement, he failed to comply with the obligation of the State to recommend that Bearse not be incarcerated." *Id.* at 216.

The court reasoned the prosecutor did not remedy his breach by saying the State would abide by the plea agreement because the plea agreement required the prosecutor to make a recommendation against incarceration. *Id.* The court was not convinced the prosecutor's statement that the State would abide by the plea agreement amounted to a proper recommendation. *Id.*

In *Fannon*, the supreme found that a prosecutor breached a plea agreement after a prosecutor recommended the defendant serve consecutive sentences for two counts of sexual abuse in third degree. 799 N.W.2d at 522. The defendant's plea agreement required the State to refrain from making a sentencing recommendation during the sentencing hearing. *Id.* at 518. After being informed of his error and an off the record discussion, the prosecutor attempted to withdraw his earlier remarks by stating "we would leave the matter of consecutive or concurrent up to the Court." *Id.* Of pivotal importance, prior to making the correction, the prosecutor had already stated, "I believe that there are compelling reasons to run the two sentences consecutive to one another." *Id.*

The court determined the prosecutor breached both the express terms and spirit of the plea agreement by making a sentencing recommendation. *Id.* at 522. The court reasoned, "[a]lthough the sentencing prosecutor attempted to 'start again' following the breach, his conduct, whether intentional or inadvertent, revealed that, but for the agreement, the State would recommend consecutive sentences." *Id.*

Doyle seems to argue that *Bearse* and *Fannon* stand for the proposition that any mistake or misstatement made by a prosecutor in making a sentencing recommendation pursuant to a plea agreement constitutes an incurable express

breach of a plea agreement. We do not read *Bearse* and *Fannon* so narrowly, and we do not believe these cases foreclose the possibility of curing a breach of a plea agreement. Key to the supreme court's reasoning in *Bearse* and *Fannon* was the fact that each prosecutor's initial error conveyed a qualitative *belief* about the appropriateness of the recommendation contained in the plea agreements. The supreme court in both cases was concerned that the initial error and half-hearted corrections revealed the recommendations contained in the plea agreements did not have the prosecutors' or the State's approval. *See Bearse*, 748 N.W.2d at 216 (finding the State "clearly suggested incarceration should be imposed by referring to the presentence investigation report"); *see also Fannon*, 799 N.W.2d at 522 (reasoning the prosecutor's initial error revealed that, but for the plea agreement, the State believed consecutive sentences were appropriate).

We believe this case is distinguishable from *Bearse* and *Fannon* because the prosecutor in this case made more than a half-hearted effort to correct his initial error. Moreover, even assuming the prosecutor's initial "slip of the tongue" constitutes an express breach of the plea agreement, it did not convey a qualitative belief about the appropriateness of the recommendation contained in Doyle's plea agreement. After defense counsel and the district court made it clear they interpreted Doyle's plea agreement to require the State to recommend that Doyle's sentences in this case run concurrent to the sentence in the drug possession case, the prosecutor conveyed his agreement with that interpretation. The prosecutor then stated:

> We are recommending a sentence of incarceration. It's based on the seriousness of the offense. Counts I and II should run consecutive to each other. There were ongoing sexual offenses against a minor,

and as I indicated before, there was a stipulation that the probation revocation in FECR417067 to run concurrent with the new sentence.

Our case law is clear:

> [T]he State's promise to recommend specific sentences to the court requires the prosecutor to present the recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance.

*State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999) (citing *United States v. Brown*, 500 F.2d 375, 375 (4th Cir. 1974)). While we acknowledge the prosecutor initially misspoke when asked for his sentencing recommendation, we are not convinced his error amounted to an incurable breach of the plea agreement.

His subsequent correction contained the exact sentencing recommendation required by Doyle's plea agreement. His correction conveyed the sentence contemplated by Doyle's plea agreement had his approval, the State's full approval and, was wholly worthy of the district court's acceptance. *Cf. State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015) (finding that "when a prosecutor fails to commend or otherwise indicate to the court that the recommended sentence is supported by the State, let alone signals that the court should impose a *harsher* sentence, the plea agreement is breached." (emphasis added)).

We are also not convinced the prosecutor's "slip of the tongue" revealed implicit material reservations about the agreed upon sentence in the plea agreement. *See Patten*, 981 N.W.2d at 133 (finding prosecutor breached plea agreement by referencing the victim's wishes were the driving force behind the recommendation because this implicitly revealed material reservations about the

recommendation). Additionally, we note Doyle received a sentence that was in accordance with his plea agreement—twenty years.

Finally, we question the practicality of a rigid rule mandating automatic vacation of a defendant's sentence after a prosecutor misspeaks. Lawyers are not robots. There is a human component to the processing of cases. Such a rigid rule would place our district court judges in an exceedingly unpalatable position at sentencing hearings. If a prosecutor misspeaks while communicating the sentencing recommendation contained in the plea agreement, should the district court immediately end the hearing and reschedule for two weeks with a different judge?

Numerous courts—including the United States Supreme Court—have concluded that some breaches of plea agreements may be cured. *See United States v. Puckett*, 556 U.S. 129, 140 (2009) (noting "some breaches may be curable," such as when the "prosecution simply forgot its commitment and is willing to adhere to the [plea] agreement."); *see also United States v. Ligon*, 937 F.3d 714, 720 (6th Cir. 2019) (noting numerous federal circuit courts have concluded some breaches of plea agreements may be cured); *United States v. Amico*, 416 F.3d 163, 165 (2d Cir. 2005) (finding the prosecutor cured a breach of a plea agreement by rapidly retracting an inconsistent initial recommendation); *State v. Nietzold*, 986 N.W.2d 795, 800 (Wis. 2023) (concluding a prosecutor cured a breach of a plea agreement by immediately acknowledging the error and modifying his recommendation to conform to the plea agreement).

Based on the unique facts of this case, we conclude the prosecutor misspoke when reciting the express terms of Doyle's plea agreement by initially

recommending that his sentences in this case be run consecutively to his sentence in the drug possession case.  However, we find the prosecutor's "slip of the tongue" was cured by his subsequent correction, which unequivocally conveyed the sentencing recommendation contemplated in the plea agreement had his approval and was worthy of acceptance by the district court.  More, his mere misstatement did not convey any qualitative *belief* about the appropriateness of the sentencing recommendation required by the plea agreement.  Thus, we politely decline Doyle's invitation to vacate his sentences based on the prosecutor's alleged breach.

**C. The District Court's Reasoning for the Sentences Imposed[4]**

Doyle next argues the district court abused its discretion by failing to sufficiently state its reasons for imposing a sentence of incarceration.  He also asserts the district court abused its discretion by not sufficiently stating its reasons for imposing consecutive sentences for counts I and II.  We disagree on both points.

---

[4] Doyle also makes two claims the district court did not adequately consider two relevant factors prior to sentencing him.  First, Doyle seems to suggest the district court did not consider a letter submitted by his counselor at the Fort Dodge Correctional Facility.  We find this argument is without merit, as the transcript reveals the district court explicitly stated, "I've also looked at the report your counselor recently submitted."  Second, Doyle claims the district court failed to consider that incarceration would be an impediment to his rehabilitation.  He notes he was not incarcerated at the Newton Correctional Facility, where he could receive sex offender treatment.  However, we observe the district court expressly stated, he considered Doyle's "willingness to accept change and treatment, if necessary, and what is available in the community to assist in that process."  The district court also stated it reviewed an "appropriate rehabilitative plan for you."  Thus, we are satisfied the district court adequately considered any potential impediments incarceration would have on Doyle's rehabilitation.

District courts are required to state on the record their reasons for selecting a particular sentence. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). A terse and succinct statement may be sufficient, so long as the brevity of the statement does not impede appellate review of the exercise of the district court's sentencing discretion. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Additionally, district courts are required to state on the record their reasoning for imposing consecutive sentences. *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "[A]lthough in doing so, the court may rely on the same reasons for imposing a sentence of incarceration." *Id.* at 275.

Applying these principles, we find the district court sufficiently stated its reasons for imposing a sentence of incarceration. Doyle claims the district court's stated reason for imposing incarceration was he committed "a serious offense." He believes this is insufficient. But this is a mischaracterization of the reasoning the district court gave for imposing incarceration. When imposing a sentence of incarceration for counts I and II, the district court stated, "Obviously, I think you understand this is a very serious offense involving a 14-year-old girl over a period of time to which you were serving in the role in the role as kind of [a] stepdad." The district court then added, "Obviously, that has a significant negative effect on the victim. It's a serious offense, so I'm not going to grant your request for probation for that reason—for those reasons." From these statements, it is clear to us the district court believed incarceration was appropriate due to the nature of the offense and the effect it had on the victim.[5]

---

[5] The record discloses M.A. submitted a written victim impact statement detailing the harm she has and will continue to suffer as a result of Doyle's actions.

A district court may properly consider the nature of the offense and the impact the defendant's actions had on the victim in making its sentencing determination. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023) (stating the district court properly considered the nature of the offense by noting it involved "serious violence"); *see also State v. Sailer*, 587 N.W.2d 756, 763 (Iowa 1998) (approving of the district court's consideration of the impact on the victim in reaching its sentencing determination).[6] We conclude the district court provided sufficient reasons for imposing a sentence of incarceration. Accordingly, we find no abuse of discretion on this ground.

Additionally, we believe the district court adequately stated its reasons for imposing consecutive sentences for counts one and two. In making this decision, the district court stated, "I am further going to order that those two counts, counts I and II, run consecutive to each other, and that's based upon the nature of the offense, the need for specific and general deterrence as well as the need to protect the public." Doyle characterizes the district court's reasoning as "boilerplate" explanations that are insufficient. But our supreme court recently approved similar reasoning for imposing consecutive sentences. *See State v. Luke*, 4 N.W.3d 450, 454 (Iowa 2024) (finding the district court provided sufficient reasons for imposing consecutive sentences when it considered "nature of the offense," and "protection of society"). Therefore, we conclude the district court did not abuse its discretion

---

[6] We also note Iowa Code section 901.5 expressly provides that a district court may consider the impact the defendant's offense had on a victim. Section 901.5 states, "[a]fter receiving and examining all pertinent information, including the presentence investigation report and victim impact statements, if any, the court shall consider the following sentencing options." Iowa Code § 901.5.

by failing to provide adequate reasoning for imposing consecutive sentences for counts I and II.

### IV.    Disposition

In sum, we affirm Doyle's sentences, finding (1) the prosecutor adequately cured his initial misstatement of the plea agreement; and (2) the district court sufficiently explained its reasoning for imposing incarceration and consecutive sentences for counts I and II.

**AFFIRMED.**